IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAJRICK CONAWAY,

      Petitioner,

v.                                                   Civil Action No. 2:15cv27
                                                       (Judge Bailey)

TERRY O'BRIEN, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On April 13, 2015, the *pro se* petitioner, an inmate then incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging prior state court conviction(s) used to support his career offender sentencing enhancement. Petitioner paid the filing fee at the time he filed his petition. Along with his petition, petitioner filed a memorandum in support, styled as Motion for Leave to Proceed on Issuance of the Original Writ of Habeas Corpus for Correction of a Miscarriage of Justice by a Federal Prisoner, Pursuant to Sections §2241(a) – (c)(2)(3) [sic] and §2243 of Title 28 U.S.C. United States Constitution, Article 1, Section 9.

This matter, before the undersigned for review, report, and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Factual and Procedural History[1]

**A. Conviction and Sentence**

On March 2, 2000 in the Middle District of Georgia, petitioner was indicted in a two-count indictment. Count One charged him with possession with intent to distribute crack

---

[1] The information on petitioner's underlying criminal conviction in the Middle District of Georgia and his many appeals in the 11th Circuit Court of Appeals is available on PACER at M.D. Ga. Case No. 7:00cr4-2.

cocaine,[2] a violation of 21 U.S.C. §§841(a)(1) and 18 U.S.C. §2, and Count Two, with possession with intent to distribute marijuana,[3] in violation of 21 U.S.C. §§841(a)(1) and 18 U.S.C. §2. On May 8, 2000, after failing to prevail on a motion to suppress in a motions hearing just before trial was to begin, the government offered petitioner's trial counsel an unsigned plea agreement, proposing that petitioner plead guilty to the offenses charges in the indictment. Upon receipt of the plea agreement, petitioner's trial counsel requested a hearing in chambers. During that hearing, the judge agreed with petitioner's counsel that the second charge should be reduced to a misdemeanor charge of simple possession of marijuana. At that point, petitioner's counsel advised petitioner that it would be in his best interest to plead guilty to one felony count of trafficking cocaine and one misdemeanor count of possession of marijuana without a written plea agreement. Accordingly, petitioner then entered a plea without a plea agreement to the felony cocaine trafficking charge and the now-misdemeanor marijuana possession charge.[4]

On August 28, 2000, petitioner, then approximately 24 years old, was sentenced to 292 months, the bottom of the guidelines recommendation[5] on Count One, possession with intent to distribute crack cocaine, and to 12 months on Count Two, now reduced to a charge of simple possession of marijuana, a violation of 21 U.S.C. §844. Both sentences were ordered to run concurrently, for a total term of imprisonment of 292 months (24.33 years), to be followed by 5 years supervised release. Judgment was entered on August 29, 2000.

---

[2] Laboratory testing by the Georgia Bureau of Investigation ("GBI") Crime Laboratory in Moultrie, Georgia confirmed the net weight of the cocaine base was 159 grams. See Revised PSR, ¶10 at 2.

[3] Laboratory testing by the GBI Crime Laboratory confirmed the net weight of the marijuana was 11 grams. See Revised PSR, ¶10 at 2.

[4] The facts and circumstances surrounding petitioner's plea were obtained from the June 21, 2005 R&R entered in the Middle District of Georgia sentencing court in Case No. 7:00cr4-2, on petitioner's May 17, 2004 Motion to Alter or Amend Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed in response to the May 5, 2004 denial of his §2255 Motion to Vacate (Dkt.# 102) and the transcript of his May 8, 2000 plea hearing. Dkt.# 47.

[5] See August 28, 2000 Sentencing Transcript, M.D. Ga. Case No. 7:00cr04-2, Dkt.# 46 at 2.

After his direct appeal to the 11th Circuit Court of Appeals, petitioner's case was remanded for resentencing. At the March 31, 2003 resentencing hearing, the government entered into evidence a copy of a certified judgment on two felony drug convictions from Broward County, Florida.[6] The Broward County conviction proved petitioner's convictions there, convictions that had not been fully authenticated at the time of petitioner's original sentencing, permitting the district court to then make a finding that there was sufficient evidence to support the PreSentence Investigation Report's ("PSR") contention that Petitioner was a career offender under U.S.S.G. §4B1.1. Having so found, the district court reinstated Petitioner's 292 month sentence on April 9, 2003. An amended judgment was entered the same day. On April 18, 2003, petitioner filed a notice of appeal of this resentence judgment. On September 23, 2003, the Eleventh Circuit Court of Appeals issued its opinion, finding no issues of merit and affirming the district court's judgment.[7]

According to the Bureau of Prisons' online Inmate Locator, petitioner is now 38 years old with a projected release date of May 31, 2021.

**B. Direct Appeal**

Petitioner did not initially file a direct appeal of his convictions.

After prevailing on his first §2255 motion, petitioner won the right to file an out-of-time appeal. On July 15, 2002, petitioner filed a Notice of Appeal with the 11th Circuit Court of Appeals. On appeal, petitioner raised 3 grounds, contending that (1) that the district court

---

[6] Petitioner's two previous felony drug convictions were: Circuit Court, Broward County, Florida Case No. 96-18543CF10A, a March 27, 1997 conviction for Delivery of Cocaine; and Circuit Court, Broward County, Florida Case No. 98-010650CF10A, a November 20, 1998 conviction for Possession of Cocaine with Intent to Deliver and Possession of Cannabis with Intent to Deliver.

[7] (11th Cir. Sep. 23, 2003) (03-12085).

committed reversible Apprendi[8] error by sentencing him in excess of the twenty-year maximum set forth in 28 U.S.C. §841(a)(1)(C) when there was no drug quantity in the indictment; (2) that the district court erred by not reducing his offense level by an additional point for acceptance of responsibility; and (3) that his sentence should be remanded for reconsideration of the career offender enhancement found by the district under U.S.S.G. §4B1.1. On December 30, 2002, the Eleventh Circuit Court of Appeals issued its unpublished opinion, finding merit only in petitioner's third claim, and remanding the case for reconsideration of sentencing as noted *supra*.[9]

**B. Motions to Vacate Pursuant to 28 U.S.C. §2255**

**First §2255 Motion**

On May 21, 2001, petitioner filed his first Motion to Vacate Pursuant to 28 U.S.C. §2255, alleging numerous claims of ineffective assistance of counsel, including counsel's failure or refusal to file an appeal on his behalf after he specifically and timely requested that counsel do so. An evidentiary hearing was held on October 19, 2001. On January 9, 2002, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R"), granting the §2255 motion, and finding that trial counsel was ineffective for failing to file an appeal, permitting petitioner to file an out-of-time appeal. Judgment was re-entered the same day. On July 1, 2002, upon petitioner's motion to amend, the January 2, 2002 Order was amended and judgment again re-entered, noting petitioner's right to appeal.

**Second §2255 Motion**

---

[8] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[9] (11th Cir. Dec. 30, 2002) (02-13879).

4

On March 19, 2004, petitioner filed a second, but not successive, Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255, raising, *inter alia,* claims of ineffective assistance of counsel, including whether the district court violated Clisby v. Jones[10] by failing to address his claims that counsel was ineffective for failing to (1) advise him that it was possible for him to enter a conditional guilty plea and (2) object to the amount of drugs for which he was held responsible; and that counsel was ineffective for not making an Apprendi objection to his sentence, a claim already made on appeal but now raised under the guise of ineffective assistance of counsel. The motion was denied on May 5, 2004; judgment was entered on May 6, 2004.

In response to the denial of his second §2255 motion, on May 17, 2004, petitioner filed a Motion To Alter or Amend Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure, alleging new claims of ineffective assistance of counsel, contending that counsel erroneously failed to present him with a copy of a plea agreement offered by the government on the day of trial. Before the government could respond, on August 11, 2004, petitioner filed a Motion to Alter or Amend Judgment or Reconsideration of 2255, which was construed as motion for permission to supplement his pleadings. In it, petitioner alleged that his plea had been entered unknowingly, involuntarily, and unintelligently, because the court violated Federal Rule of Criminal Procedure 11(f); further, he re-alleged his claims of sentencing violations pursuant to the holdings in the Apprendi/Blakely/Booker cases. By Order entered August 19, 2005, petitioner's §2255 motion was denied for having failed to carry his burden under Strickland[11] and for failing to state a claim upon which relief could be granted. His subsequent motion for a certificate of appealability was denied as well. Petitioner appealed to the 11th Circuit. By Order

---

[10] Clisby v. Jones, 960 F.2d 925 938 (11th Cir. 1992) (*en banc*).

[11] Strickland v. Washington, 466 U.S. 668 (1984).

5

entered January 19, 2006, the 11th Circuit granted petitioner's motion for a certificate of appealability on only the issue of whether the district court violated Clisby v. Jones by failing to address his claims that counsel was ineffective for failing to (1) advise him that it was possible for him to enter a conditional guilty plea and (2) object to the amount of drugs for which he was held responsible. By *per curiam* opinion issued on June 19, 2006, the 11th Circuit Court of Appeals noted that the district court had addressed petitioner's claim that counsel was ineffective for failing to object to the amount of drugs for which he was held responsible. However, it vacated and remanded on the sole issue of whether petitioner's former counsel was ineffective for failing to advise him that it was possible for him to seek to enter a conditional guilty plea while reserving the right to appeal the district court's suppression ruling.[12] On remand, on November 8, 2006, the Middle District of Georgia adopted its magistrate judge's October 6, 2006 R&R, recommending that petitioner's motion to vacate be denied on the remaining ground; likewise, on December 5, 2006, the district court denied petitioner's subsequent motion for a certificate of appealability. Nonetheless, petitioner again appealed to the 11th Circuit. By Order entered January 30, 2007, the 11th Circuit Court of Appeals denied petitioner's motion for a certificate of appealability and dismissed his appeal.[13] Petitioner moved for leave to file a petition for rehearing *en banc* on March 19, 2007, and on April 11, 2007, for reconsideration. On May 2, 2007, his motion for reconsideration was denied. The United States Supreme Court denied his petition for writ of *certiorari* on May 18, 2007. On August 2, 2007, the 11th Circuit denied his motion for rehearing *en banc*.

**Third §2255 Motion**

---

[12] (11th Cir. June 19, 2006)(05-14969).

[13] (11th Cir. Jan. 30, 2007)(06-16009).

On July 10, 1007, petitioner filed a MOTION TO VACATE JUDGMENT DENYING HABEAS RELIEF PURSUANT TO Fed. R. Civ. P. 60(b)(4) - (6) and etc. [sic] BASED ON THE COURT'S FAILURE TO ADDRESS PETITIONER'S CLAIMS IN HIS 2255 AMENDMENT FOR VIOLATIONS OF RULE 11/PARTICIPATION BY A JUDGE [sic]. Despite the title of the motion, in it, petitioner urged the court to vacate the January 30, 2007 judgment. Accordingly, it was construed as an attempt at an unauthorized, successive Motion to Vacate under 28 U.S.C. §2255 and recommended for dismissal for that reason, for failure to state a claim, and/or as procedurally defaulted by the magistrate judge in a July 12, 2007 R&R. By Order entered August 2, 2007, the magistrate judge's R&R was adopted and petitioner's motion was denied and dismissed.

**<u>Fourth §2255 Motion</u>**

On August 20, 2007, petitioner filed a *Pro Se* Motion to Amend or Modify Judgment pursuant to Fed. R. Civ. Pro. 60(b) and 59(e). By Order entered the following day, it was denied as an attempt to file an impermissible second or successive §2255 motion, in which petitioner attempted to raise new grounds for relief from his conviction and sentence. On September 21, 2007, petitioner filed a Notice of Appeal of the Order denying his Motion to Amend and a Motion for Certificate of Appealability and a Motion for Leave to Appeal *in Forma Pauperis* in the 11th Circuit Court of Appeals. By Order entered September 27, 2007, the Motion for Certificate of Appealability, and a Motion for Leave to Appeal *in Forma Pauperis* were denied by the district court. By Order entered December 12, 2007 in the 11th Circuit Court of Appeals, the 11th Circuit noted that the district court had correctly denied appellant's Rule 60(b) motion, and denied petitioner's motion for a certificate of appealability; motion to broaden the certificate

of appealability; and motion for leave to proceed on appeal *in forma pauperis*.[14] Petitioner's subsequent motion for reconsideration of the certificate of appealability, for leave to proceed IFP, and for appointed counsel were denied by the 11th Circuit Court of Appeals on February 1, 2008.

**Fifth §2255 Motion**

On August 18, 2014, petitioner filed a Motion to Alter or Amend Judgment, challenging the November 8, 2006 Order adopting the R&R and dismissing his Motion to Vacate pursuant to 28 U.S.C. §2255. By Order entered September 22, 2014, it was denied as an unauthorized successive §2255 motion; his request for a certificate of appealability was denied in the same order.

**C. Other Challenges to Petitioner's Sentence**

**First Motion Under 18 U.S.C. §3582(c)**

On March 11, 2008, petitioner filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 in the sentencing court. It was denied by Order entered March 17, 2008. On April 7, 2008, petitioner filed a Motion for Reconsideration. Counsel was appointed; on December 1, 2008, through counsel, petitioner filed an Amended Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582. By Order entered December 9, 2008, petitioner's motion for sentence reduction was denied, noting that defendants sentenced as career offenders were ineligible for a sentence reduction based on United States Sentencing Guidelines Amendment 706. On December 23, 2008, petitioner filed a Notice of Appeal. Counsel was appointed and filed an

---

[14] (11th Cir. Dec. 2, 2007)(07-14502).

Anders[15] brief. On June 4, 2009, by unpublished opinion, the 11th Circuit Court of Appeals affirmed the district court's decision.[16] On August 18, 2009, petitioner filed a Rule 60(b) Motion for Relief from Judgment in the sentencing court, Rule 60(b)(6), FRCP, seeking to amend the December 8, 2008 Order, contending that the Court erred in calculating the correct base offense level upon reviewing his motion. By Order entered April 7, 2010, the motion was denied. On April 22, 2010, petitioner filed a Motion for Reconsideration; it was denied by Order entered April 27, 2010. Petitioner filed a Notice of Appeal. By unpublished opinion entered on November 9, 2010, the 11th Circuit Court of Appeals affirmed.[17]

**Second Motion Under 18 U.S.C. §3582(c)**

On November 16, 2011, petitioner filed a Motion to Reduce Sentence i/c/w the Fair Sentencing Act of 2010 Pursuant to 18 U.S.C. §3582(c). Counsel was appointed. On February 13, 2012, through counsel, petitioner filed a Supplemental Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c). By Order entered November 8, 2012, the motion was denied. On November 28, 2012, petitioner filed a Notice of Appeal. By unpublished *per curiam* opinion issued September 17, 2013, the 11th Circuit Court of Appeals affirmed the district court's decision.[18] On January 21, 2014, the United States Supreme Court denied Conaway's petition for writ of *certiorari*.

On December 11, 2012, petitioner filed a Motion to Alter or Amend Judgment in the district court, seeking to challenge the November 8, 2012 Order denying his §3582(c) motion to reduce his sentence. It was denied by Order entered the following day.

---

[15] Anders v. California, 386 U.S. 738 (1967).

[16] (11th Cir. June 4, 2009)(08-17163).

[17] (11th Cir. Nov. 9, 2010) (10-12154).

[18] (11th Cir. Sep. 17, 2013)(12-16180).

## III. Issues Presented

**The Petition**

Conaway's pending habeas pursuant to 28 U.S.C. §2241 is less than a model of clarity. However, in his petition, to which he has attached copies of several documents from other courts, petitioner appears to be challenging his prior Broward County, Florida drug conviction(s) used as predicate conviction(s) for his Career Offender sentence enhancement. In support thereof, he argues that Florida Statute 893.13 is broader than a federal drug trafficking offense under 8 U.S.C. 1101(a)(43)(B), which is an aggravated felony, because the Florida statute does not have the same *mens rea* requirement and the "Florida statute is divisible, because it criminalizes various discreet [sic] acts."[19] He contends that subsequent to his appeal, re-sentencing and §2255 proceedings, "the Attorney General, Supreme Court and some District Courts [] have set forth a new standard to evaluate a crime that is equivalent to the controlled substance Act of 841.1 [sic][20] to be used for enhancement purposes."[21] Finally, he contends that trial counsel was ineffective at sentencing for failing to object to the district court's use of the Broward County Florida cocaine delivery conviction[22] to impose the career offender enhancement sentence enhancement. Accordingly, he contends that he is "actually and factually innocent" of the career offender sentencing enhancement because he was sentenced in excess of the maximum guideline penalty based on a prior conviction of Chapter 4 of the USSG, making him eligible for the 2255(e) savings clause.

---

[19] Dkt.# 1 at 6.

[20] 21 U.S.C. §841 sets forth the prohibited acts under the Controlled Substance Act.

[21] Dkt.# 1 at 6.

[22] Circuit Court , Broward County, Florida, Case No. 96-018543CF10A.

As relief, the petitioner seeks to be put "back in the position he would have been [in] without the Career Offender enhancement," permitting him to be "eligible for additional relief pursuant to the Fair Sentencing Act and the recent drug reduction of Amendment 982."[23]

### IV. <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see</u> <u>also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Social Servs</u>., 901 F.2d 387 (4th Cir. 1990).

### V. <u>Analysis</u>

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. <u>Adams v. United States</u>, 372 F.3d 132, 134 (2nd

---
[23] Dkt.# 1 at 8.

Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a §2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

Here, the petitioner attacks the validity of his sentence rather than the means of execution and seeks to have his petition granted, putting him "back in the position he would have been [in] without the Career Offender enhancement[.]"[24] Therefore, it is the type of challenge that ordinarily must be brought under §2255 and not §2241.

However, a federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of §2241, but only under the §2255 "savings clause" when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial at 1194. Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[25]

---

[24] Dkt.# 1 at 8.

[25] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

Id. at 333-34.

Although petitioner attempts to raise a savings clause argument, it is clear that he is not entitled to its application. In the instant case, even if petitioner satisfied the first and third elements of Jones, violations of 21 U.S.C. §§841(a)(1), 844 and 18 U.S.C. §2 remain criminal offenses. Therefore, because the petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

Moreover, to the extent petitioner challenges the validity of his prior Florida drug conviction and its resulting career offender enhancement, the same is not appropriate relief in a §2241 action. This prohibition has been recently reaffirmed by a recent Fourth Circuit decision regarding the use of a §2241 petition to challenge only a sentencing issue. See United States v. Surratt, 2015 WL 4591677 (4th Cir. July 31, 2005).

In Surratt, in 2004, a grand jury indicted Surratt on several drug-related counts, including conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§841(b)(1)(A) and 846. The Government then filed a timely information indicating that it planned to seek enhanced penalties based on Surratt's criminal history, and identifying four previous North Carolina drug related convictions. After his indictment, and despite the prospect of a life sentence, Surratt pled guilty to the conspiracy count. At the time, all of Surratt's prior convictions constituted felony convictions as outlined in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). The district court sentenced Surratt to life in prison. After Surratt's appeal and §2255

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

13

motion, the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), which overruled Harp and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant. Surratt and the government agreed that only one of Surratt's prior convictions would qualify as a "felony drug offense" under Simmons. Surratt's request to file a second or successive §2255 motion was denied because his motion fell outside the statutorily enumerated exceptions set forth in 28 U.S.C. §2255(h). Surratt also moved in the district court to vacate his sentence under §§2241 and 2255, or for writ of *coram nobis*. Surratt maintained that, in light of Simmons, he was "innocent" of the career offender enhancement and was the victim of fundamental error. Specifically, Surratt argued that he should not be subject to a mandatory life sentence. Even though the Government did not oppose Surratt's §2241 request, the district court denied Surratt's motion. Surratt v. United States, 2014 WL 2013328 (W.D.N.C. May 16, 2014).

On appeal, the Fourth Circuit emphasized that "Jones opened a narrow gateway to §2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." Surratt at *11. As the Fourth Circuit explained: "[t]he traditional view of actual innocence focuses on the elements of the crime of conviction and nothing in Jones deviates from that settled approach." Id. at *15. (internal citations omitted). The Fourth Circuit reiterated that under its decision in Jones, being incorrectly sentenced was not the same thing as being "actually innocent." As it explained, "[t]o say "that a petitioner can be 'actually innocent' of a sentencing enhancement," rather than an element of the actual crime, "would require a great deal of both verbal and logical gymnastics."

Surratt at *6. The Fourth Circuit rejected Surratt's claim that his predicate convictions should be viewed as elements of the crime.

As noted *supra,* the decision in Surratt is consistent with the Fourth Circuit's historical precedence that Jones "does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). See also Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013)(unpublished) ("[W]e conclude, as the district court did, that Farrow's challenge to his armed career criminal status is not cognizable in a §2241 petition."); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Rather, the §2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (*per curiam*) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).[26]

Again, petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on Shelton v. Sec'y, Dep't of Corr.[27] he argues that his career offender enhancement for the Broward County, Florida drug conviction(s) is unconstitutional because the Florida statute is overbroad and "one could be sentenced for an act that he had no knowledge of

---

[26] In addition, in Darden, it appears that the Fourth Circuit has now addressed the issue it left open in Whiteside v. United States, 748 F.3d at 547 n. 4 (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a sentence under §2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a §2241 petition in this Circuit.). See Darden, *supra* at 174.

[27] Shelton v. Sec'y, Dep't of Corr., 802 F. Supp. 2d 1289 (M.D. Fla. 2011).

15

and not guilty of,"[28] and that his convictions under Fla. Stat. §893.13 cannot qualify as predicate convictions for USSG Chapter 4 career offender enhancement. Petitioner also argues that the Broward County, Florida conviction(s) are not cognizable for Chapter 4 USSG career offender enhancement purposes under Moncrieffe v. Holder.[29] Because petitioner nowhere alleges that he is innocent of his crimes of conviction, and instead, only challenges the validity of the predicate offenses that led to his enhanced sentence as a career offender, he raises arguments that are foreclosed by the Fourth Circuit in Surratt.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by November 9, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[28] Dkt.# 3-1 at 2.

[29] Moncrieffe v. Holder, 133 S. Ct. 1678 (2013).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 26, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE