IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

TAJRICK CONAWAY,

    Petitioner,

v.                                                 CIVIL ACTION NO. 2:15-CV-27
                                                 (BAILEY)

TERRY O'BRIEN,

    Respondent.

## AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on October 26, 2015, wherein he recommends this Court deny and dismiss the petitioner's § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), or by November 9, 2015. The docket reflects that service was accepted on October 28, 2015. [Doc. 7]. On November 17, 2015, an Order was entered by this Court, which indicated that no objections had been filed at that point and adopted the magistrate judge's R&R. [Doc. 9]. Petitioner's objection was filed with the Court later that day; however, the objection itself indicates that it was "submitted" on November 10, 2015. [Doc. 11]. In the interests of justice, this Court will conduct a *de novo* review.

## I. BACKGROUND

Petitioner was indicted in the Middle District of Georgia on March 2, 2000, on one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C § 2, and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. [Middle District of Georgia Criminal ("Ga. Crim.") Doc. 1]. Following an *in camera* hearing, petitioner entered a plea to one felony count of trafficking cocaine and one misdemeanor count of possession of marijuana, without a written plea agreement. [Ga. Crim. Doc. 26]. On August 28, 2000, petitioner was sentenced to a term of 292 months imprisonment, to be followed by five years of supervised release. [Ga. Crim. Doc. 41]. Judgment was entered on August 29, 2000. [Ga. Crim. Doc. 42].

Petitioner did not initially file a direct appeal of the district court's decision. On May 21, 2001, petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255, alleging numerous claims of ineffective assistance of counsel, including counsel's failure or refusal to file an appeal on petitioner's behalf after he specifically and timely requested that

2

counsel do so. [*See* Ga. Crim. Doc. 49]. Petitioner's § 2255 motion was granted on January 9, 2002. [Ga. Crim. Doc. 51]. The court also found petitioner to be entitled to file an out-of-time appeal. Petitioner filed a Notice of Appeal with the Eleventh Circuit Court of Appeals on July 15, 2002, contending that the district court committed reversible *Apprendi* error by sentencing him in excess of the twenty-year maximum set forth in 28 U.S.C. § 841(a)(1)(C) when there was no drug quantity in the indictment, that the district court erred by not reducing his offense level by an additional point for acceptance of responsibility, and that his sentence should be remanded for reconsideration of the career offender enhancement found by the district court under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. The Eleventh Circuit found merit only in his third claim and remanded the case for sentencing reconsideration. [Ga. Crim. Doc. 60].

At the resentencing hearing, the Government entered into evidence a copy of a certified judgment on two felony drug convictions from Broward County, Florida, which proved petitioner's convictions that had not been fully authenticated at the time of his original sentencing. [Ga. Crim. Doc. 69]. Thus, the district court was enabled to make a finding that there was sufficient evidence to support the Presentence Report's contention that petitioner was a career offender pursuant to U.S.S.G. § 4B1.1. Accordingly, the district court reinstated petitioner's 292-month sentence on April 9, 2003. [Ga. Crim. Doc. 65]. The Eleventh Circuit affirmed the district court's decision on October 28, 2003. [Ga. Crim. Doc. 70].

Petitioner filed a second, but not successive, Motion to Vacate pursuant to 28 U.S.C. § 2255 on March 19, 2004, which was denied on May 5, 2004. [Ga. Crim. Doc. 75]. In response, petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59 of

3

the Federal Rules of Civil Procedure, alleging new claims of ineffective assistance of counsel and specifically contending that counsel erroneously failed to present him with a copy of a plea agreement offered by the Government on the day of trial. [Ga. Crim. Doc. 77]. Then, prior to the Government's response, petitioner filed a Motion to Alter or Amend Judgment or Reconsideration of 2255, construed as a motion for permission to supplement his pleadings, which alleged violation of Federal Rule of Criminal Procedure 11(f) and re-alleged sentencing violations pursuant to *Apprendi*, *Blakely*, and *Booker*. [Ga. Crim. Doc. 80]. The motion was granted on August 25, 2004. [Ga. Crim. Doc. 81]. Moreover, petitioner's Motion to Alter or Amend Judgment, which the court construed as a motion for reconsideration, was granted on April 5, 2005. [Ga. Crim. Doc. 96].

Following reconsideration, petitioner's second § 2255 motion was again denied on August 19, 2005, for failing to carry the burden set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and for failing to state a claim upon which relief could be granted. [Ga. Crim. Doc. 107]. Petitioner appealed this denial to the Eleventh Circuit, which granted his motion for a certificate of appealability on the issue of whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), by failing to address his claims that counsel was ineffective for failing to advise him that it was possible for him to enter a conditional guilty plea and for failing to object to the amount of drugs for which he was held responsible. [Ga. Crim. Doc. 128].

By *per curiam* opinion, the Eleventh Circuit vacated and remanded on the issue of whether petitioner's former counsel was ineffective for failing to advise him that it was possible to seek to enter a conditional guilty plea while reserving the right to appeal the

4

district court's suppression ruling. [Ga. Crim. Doc. 132]. In so finding, the court noted that the district court had addressed petitioner's claim that counsel was ineffective for failing to object to the amount of drugs for which he was held responsible. On remand, the district court denied petitioner's motion to vacate. [Ga. Crim. Doc. 137]. In spite of the district court subsequently denying his motion for a certificate of appealability [Ga. Crim. Doc. 143], petitioner again filed an appeal with the Eleventh Circuit, which was denied on January 30, 2007, for failure to make a substantial showing of the denial of a constitutional right. [Ga. Crim. Doc. 152]. Petitioner moved for reconsideration, petitioned for rehearing *en banc*, and filed a writ of *certiorari* with the Supreme Court of the United States, all of which were denied. [*See* Ga. Crim. Doc. 157 at 4].

On July 10, 2007, petitioner filed a Motion to Vacate Judgment Denying Habeas Relief Pursuant to Fed. R. Civ. P. 60(b)(4)-(6) and ect. [*sic*] based on the Court's Failure to Address Petitioner's Claims in his 2255 Amendment for Violations of Rule 11/Participation by a Judge, by which he urged the district court to vacate the January 30, 2007, judgment. [Ga. Crim. Doc. 157]. Because the court construed it as an attempted unauthorized, successive § 2255 motion to vacate, petitioner failed to state a claim, and/or it was procedurally defaulted, the court denied and dismissed the motion. [Ga. Crim. Doc. 165].

Petitioner filed a *Pro-Se* Motion to Amend or Modify Judgment on August 20, 2007, pursuant to Fed. R. Civ. P. 60(b) and 59(e). [Ga. Crim. Doc. 166]. The following day, the motion was denied as an attempt to file an impermissible successive § 2255 motion by which petitioner attempted to raise new grounds for relief from his conviction and sentence. [Ga. Crim. Doc. 167]. Petitioner thereafter appealed the court's decision to deny his

5

August 20, 2007, motion. [Ga. Crim. Doc. 168]. Petitioner's later Motion for Certificate of Appealability and Motion for Leave to Appeal *in Forma Pauperis* were denied. [Ga. Crim. Doc. 173]. The Eleventh Circuit denied petitioner's appeal on December 12, 2007, noting that the district court had correctly denied petitioner's Rule 60(b) motion and motion for a certificate of appealability. [Ga. Crim. Doc. 181]. Petitioner's subsequently moved for reconsideration, which was denied on February 1, 2008. [Ga. Crim. Doc. 182].

On August 18, 2014, petitioner filed a Motion to Alter or Amend Judgment, which challenged the November 8, 2006, order denying his § 2255 motion to vacate. [Ga. Crim. Doc. 234]. The motion was denied as an unauthorized successive § 2255 motion on September 22, 2014. [Ga. Crim. Doc. 237]. The same order also denied petitioner's request for a certificate of appealability.

In addition to five attempted § 2255 motions, petitioner challenged his sentence multiple times pursuant to 18 U.S.C § 3582(c). On March 11, 2008, petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 [Ga. Crim. Doc. 183], which was denied on March 17, 2008, because Retroactive Amendment 706 did not provide for a reduction in petitioner's case. [Ga. Crim. Doc. 184]. Petitioner filed a Motion for Reconsideration on April 7, 2008. [Ga. Crim. Doc. 185]. Following appointment of counsel, an Amended Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 was filed. [Ga. Crim. Doc. 189]. The Motion for Reconsideration and Amended Motion for Retroactive Application were thereafter both denied, and the court noted again that defendants sentenced as career offenders were ineligible for a sentence reduction based on Amendment 706. [Ga. Crim. Doc. 190]. Petitioner appealed the denial, but the Eleventh

Circuit affirmed the district court's decision. [Ga. Crim. Doc. 197]. Petitioner then filed a Rule 60(b) Motion for Relief from Judgment seeking to amend the December 8, 2008, order, contending that the court erred in calculating the correct offense level upon reviewing his motion. [Ga. Crim. Doc. 198, 200]. The motion was denied on April 7, 2010. [Ga. Crim. Doc. 205]. Petitioner moved to have the denial reconsidered, but it was denied on April 27, 2010. [Ga. Crim. Doc. 207]. Petitioner's appeal to the Eleventh Circuit was also unsuccessful. [Ga. Crim. Doc. 213].

On November 16, 2011, petitioner filed a Motion to Reduce Sentence i/c/w the Fair Sentencing Act of 2010 Pursuant to 18 U.S.C. § 3582(c). [Ga. Crim. Doc. 216]. Following appointment of counsel, petitioner filed a Supplemental Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). [Ga. Crim. Doc. 221]. The motion was denied on November 8, 2012, and the Eleventh Circuit affirmed the district court's decision on September 17, 2013. [Ga. Crim. Docs. 223, 231]. The Supreme Court of the United States denied petitioner *certiorari* on January 22, 2014. [Ga. Crim. Doc. 233].

## II. DISCUSSION

### A. Petitioner's § 2241 Motion

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 with this Court on April 13, 2015. [Doc. 1]. In it, petitioner appears to challenge his Broward County, Florida conviction(s) that were used as predicate conviction(s) for his career offender sentence enhancement. He argues that the Florida state statute under which he was convicted is broader than the federal statute, that new standards have recently been set forth by which to evaluate a crime that is "equivalent to the controlled

7

substance Act of 841.1 [*sic*]", and that trial counsel was ineffective at sentencing for failing to object to the district court's use of the Broward County, Florida cocaine delivery conviction to impose a career offender enhancement. Thus, petitioner contends that he is "actually and factually innocent" of the career offender sentence enhancement because he was sentenced in excess of the maximum guideline penalty based on a prior conviction of U.S.S.G. Chapter 4, making him eligible for the § 2255(e) savings clause. He seeks to be "put back in the position he would have been [in] without the Career Offender enhancement," permitting him to be "eligible for additional relief pursuant to the Fair Sentencing Act and the recent drug reduction of Amendment 982."

### B. The magistrate judge's R&R

The magistrate judge's R&R recommends that petitioner's motion be denied and dismissed with prejudice because, since petitioner is attacking the validity of his sentence rather than the execution of his sentence, the type of challenge here ordinarily must be brought under § 2255 rather than § 2241. [Doc. 6]. The R&R notes that an attack on the validity of a sentence may utilize the provisions of § 2241 under the § 2255 savings clause when § 2255 is "inadequate or ineffective to test the legality of his detention," but the limitation bar, prohibition against successive petitions, and procedural bar do not demonstrate that the § 2255 remedy is inadequate or ineffective. Thus, pursuant to *In re Jones*, 226 F.3d 328 (4th Cir. 2000), petitioner has not demonstrated that § 2255 is inadequate or ineffective and has improperly filed a § 2241 petition. The magistrate judge also recommends dismissal pursuant to the Fourth Circuit's decision in ***United States v. Surratt***, 797 F.3d 240 (4th Cir. 2005).

8

### C. Petitioner's Objection

Petitioner's response to the magistrate judge's R&R objects to the R&R's recommendation and its reasoning for construing his motion as one properly brought under § 2255. [Doc. 11]. The objection makes bare, unsubstantiated assertions and reiterates much of what is stated in his pending motion--specifically, that "2255 is 'inadequate and ineffective to test the legality of my detention,'" that the sentencing court relied on prior conduct for which he was not indicted, and that he is "actually innocent" of the enhancement received at sentencing. Petitioner also asserts that the magistrate judge relied on the incorrect sentence and speculates that, because "no jury, no judge, or no justice would find the petitioner guilty of any of the offenses charged nor the instant offense if his right to jury trial was awarded with effective representation," the crimes he is being held for would not actually be crimes had be been sentenced today.

Petitioner's objection does not actually dispute any of the findings made by the magistrate judge in the R&R, nor does it address the law cited in the R&R that undermines his contentions. Moreover, petitioner's objection contradicts itself in that he states that he is challenging the execution of his sentence, yet his argument just a few paragraphs later challenges the validity of his sentence. Accordingly, petitioner's objection is hereby **OVERRULED**.

### III. CONCLUSION

Upon careful review, it is the opinion of this Court that the magistrate judge's **Report and Recommendation [Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, petitioner's objection **[Doc. 11]** is

**OVERRULED**. Accordingly, petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus **[Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

Upon an independent review of the record, this Court hereby **DENIES** petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

As a final matter, this Court notes that its previous Order Adopting Report and Recommendation **[Doc. 9]** is **VACATED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: November 19, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE